SIERRA, PLAINTIFF AND RESPONDENT, v. TRANI, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Ponce in an Action to Recover for Services Rendered.

No. 1116.—Decided May 8, 1915.

SERVICES—SPECIFIC PRICE—PLEADING.—In an action to recover for services other than professional services it is sufficient to allege the specific price agreed on or that such price is sanctioned by the custom and frequent use of the place in which the services were rendered. It is not necessary to allege the "reasonable value" of said services in order to constitute a cause of action.

ID.—PROFESSIONAL SERVICES—CONSTRUCTION OF LAW.—The amendment to section 1486 of the Civil Code made by the Act of February 24, 1906, operates no change in the law save in cases involving professional services, therefore the jurisprudence previously laid down on that question is still in force.

ID.—ANALYSIS OF EVIDENCE.—After a careful analysis of all the evidence as it appears in the record, it was held that not only does it disclose no satisfactory reason for disturbing the finding of the trial judge but creates the impression that substantial justice has been done.

The facts are stated in the opinion.

Mr. José Tous Soto for the appellant.

Mr. Francisco Parra for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

On April 4, 1913, the District Court of Ponce rendered judgment for plaintiff, appellee, in the sum of $483.80 in the above-entitled cause, an action to recover for services rendered as overseer of a coffee plantation; and on the same day the judge filed full and specific findings of fact and conclusions of law.

Appellant insists that the court erred in not finding that the complaint did not state a cause of action inasmuch as it failed to allege the "reasonable value" of the services rendered by the plaintiff.

The allegation of the complaint thus involved is:

"That the value of the services rendered by a head overseer on coffee plantations similar to that of the defendant, and to which the second allegation of the complaint refers, is, according to the custom and frequent use in the districts of Yauco, Peñuelas and Ponce,

all making a single coffee district, from $40 to $50 a month, with board and lodging; and claiming for the plaintiff a minimum salary, the following would result:

61 months from June 14/07 to July 14/12, at $40 a month_ $2, 440. 00
13 days from July 14/12 to July 27/13 (*sic*)_____    17. 39
                                                          $2, 457. 39

"That complainant admits the item of $739.68 charged by defendant for cash and goods taken during his employment as such overseer, and adding to said amount the sum of $312.32, which he received upon ceasing in his duties, makes a total sum of $1,052, which deducted from the $2,457.39, for salaries due, gives the following result:

Salaries due according to the foregoing estimate_____ $2, 457. 39
Deducting goods and cash taken_____   1, 052. 00

    Balance_____$1, 405. 39

"Which balance defendant owes to plaintiff and has not satisfied either in whole or in part notwithstanding the requests made therefor.",

Appellant does not contend that the foregoing averment as to the value of the services rendered is bad under previous decisions of this court, but seeks rather to avoid the rule thus established upon the ground that a certain legislative amendment hereinafter mentioned has wrought so radical a change in the law and in the nature of the action that such decisions are no longer applicable to a case of this kind.

We quote from appellant's brief the argument under his first proposition:

"1st: Failure to constitute a cause of action.

"Section 1486 of the Civil Code as amended by act of February 24, 1906, reads:

" 'The services of servants and laborers may be contracted for a fixed period of time, or without a fixed period. A hiring for life shall be void. Professional services, as regards the remuneration therefor, shall be subject to the agreement of the parties; and where there is no agreement as to remuneration, and a disagreement should arise respecting the same, the party entitled to such remuneration may sue and recover. from the adverse party the reasonable value of such services in any court of competent jurisdiction.'

"The above section is entirely applicable to this case inasmuch.

as, according to the fourth allegation of the complaint, complainant entered into the discharge of his duties on June 14, 1907, when said law was already in force.

"The error is due to the fact that this Honorable Court, in considering the services rendered prior to the amendment of section 1486, had held that 'Without a specific price having been agreed on or without the price of the services being known by custom and frequent use in the place in which such services are rendered one of the elements which go to make up a contract for the hire of services is lacking.' *Ledesma* v. *Araujo,* 15 P. R. R., 234; *Agosto* v. *Woods,* 13 P. R. R., 356; *García* v. *Cañada,* 11 P. R. R., 403.

"But since February 24, 1906, when section 1486 was amended, if a person seeks to recover the amount of his services rendered and no agreement has been made, he should allege what is the reasonable value thereof. It is not the custom which regulates the value but the regulating standard is the reasonableness of the sum claimed for such services.

"There is no allegation whatever in the complaint that the sum claimed is the reasonable value of the services rendered, therefore the complaint is fatally defective if we apply by analogy the view taken in the cases *supra* where it was held that the allegation as to the agreement or custom of the locality was necessary. The theory with respect to the reasonableness has substituted that of the usage or custom."

The section of the code quoted, previous to the amendment relied upon, read as follows:

"This class of services may be contracted without a fixed period, for a fixed period, or for a specific work. A hiring for life is void."

Turning to the chapter defining the class of services in question under which this section is found, we find it worded, before and after amendment, respectively, thus:

### "CHAPTER III.

#### "HIRING OF WORK AND SERVICES.

"Article First.—Services of paid servants and laborers."

### "CHAPTER III.

#### "HIRING OF WORK AND SERVICES.

"Article First.—Of professional services, and of services of paid servants and laborers."

That the amendment relied upon operates no change in the law, save in cases involving professional services, is too clear for argument, and it is not claimed that this is such a case. On the contrary, in discussing the weight of the evidence, appellant invokes section 1487 of the same chapter of the Code which, speaking of domestic servants, provides, among other things, that "The master shall be believed, unless there is proof to the contrary. 1. With regard to the amount of the wages of the domestic servant. 2. With regard to the payment of the wages earned during the current year."

We need not consider, therefore, whether the allegation referred to, in the absence of demurrer or other timely objection thereto, would be sufficient in an action to recover for professional services or in a common law action *quantum meruit;* or whether the failure of the trial court, of its own motion and without any suggestion whatever upon the part of defendant, to take notice of such a defect in pleading, if it be a defect, could be held to constitute reversible error.

The other errors assigned all go to the question of the sufficiency of the evidence to sustain the judgment. A full statement of the testimony and an extended discussion of the conflicting and contradictory narratives of witnesses *pro* and *con,* together with the usual inconsistencies, corroborating circumstances and occasional outcroppings of clearly incredible statements that cast suspicion upon other testimony of the same witnesses which otherwise might carry more weight, would serve no useful purpose. A careful analysis of all the testimony as it stands in cold type upon the record not only discloses no satisfactory reason for disturbing the finding of the trial judge but rather leads us to believe that substantial justice has been done.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.